Dear Ms. Laurence:
You have requested an opinion of the Attorney General relative to the assessment of abandoned and/or walk-a-way orphan oil and gas wells (orphan wells). Orphan wells are distinguishable from plugged and abandoned wells, the later of which, if properly reported, are not assessed.
The problem being encountered with these orphan wells may be illustrated by the following factual scenario:
The assessor annually determines the proper assessment valuation of all operator wells, including orphan wells, as required by statutory and constitutional law. The operator and/or owner of the orphan well has abandoned the property and has failed to file a property report. Thus, the assessor must value the property based upon the best information available. Once the assessor certifies the roll, a copy thereof is forwarded to the tax collector for collection. The tax collector remits a tax notice for the movable property comprising the orphan well to the operator and/or owner who, in turn, fails to pay the tax debt. In some cases, the operator is also the owner, and has abandoned the well for the purpose of evading taxation and/or site cleanup. The tax collector issues a notice that the taxes are delinquent for non-payment and, subsequently, advertises the movable property for sale. In most cases, the property is not purchased at the tax sale. Further, the movable property, by law, can not be adjudicated to the parish and/or municipality. The end result is that the tax obligation of the subject property is not collected, sold at sale, redeemed, adjudicated, satisfied by other collection sanctions or discharged from liability. Further, some orphan wells are found to be producing a minimum amount of MCF distribution through a gravity pipeline system that is being collected by an end-user who continues to pay royalty payments to the orphan well operator/owner.
You ask what remedies are available to hold the operators and/or owners of orphan wells responsible for the payment of taxes.
As you are aware, the provisions relating to the tax sale of movable property are found at R.S. 47:2171-2177. Section 2175(A) empowers the tax collector to seize and sell any other
movable property belonging to the tax debtor to collect the taxes, interest and costs due. Further, Paragraph (C) authorizes the tax collector to file garnishment proceedings against the tax debtor to collect the unpaid and delinquent taxes.
We also draw your attention to the Louisiana Oilfield Site Restoration Law found at R.S. 30:80. This law authorizes the establishment in the State Treasury of an Oilfield Site Restoration Fund to provide a source of funding for site restoration of orphan wells. While it does not pertain to the collection of delinquent ad valorem taxes, it establishes a procedure for the recovery of site restoration costs and provides for the assessment of penalties against parties who fail to comply with its provisions.
In summary it is the opinion of this office that once an orphan well has been duly assessed for ad valorem tax purposes, it is the responsibility of the tax collector to enforce the assessment either through collection, the seizure and sale of the tax debtor's other movable property and/or garnishment proceedings, if possible and where practical. While no adjudicatory remedies currently exist in our laws, the assessors may wish to consider remedial legislation specifically addressing orphan wells.
Should you have any additions questions concerning this matter, please do not hesitate to contact us.
With kindest regards, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ___________________________ Robert E. Harroun, III Assistant Attorney General